UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01053-JWH-KES | Date | March 6, 2023 |
| Title | *Bonnie Brickan v. The Federal Savings Bank, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 22] (IN CHAMBERS)**

Before the Court is the motion of Plaintiff Bonnie Brickan to remand this putative class action to Orange County Superior Court.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** the Motion, for the reasons set forth herein.

**A.   Procedural History**

Brickan initiated her wage and hour class action against Defendant Federal Savings Bank ("FSB") on April 20, 2022, asserting nine claims for relief arising

---

[1]   Notice of Mot. and Mot. to Remand to State Ct.; Mem. of P. & A. in Supp. Thereof (the "Motion") [ECF No. 22].

[2]   The Court considered the following papers in connection with the Motion: (1) Def.'s Notice of Removal (including its attachments) (the "Removal Notice") [ECF No. 1]; (2) Class Action Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Def.'s Opp'n to the Motion with Mem. of P. & A. in Supp. Thereof (the "Opposition") [ECF No. 31]; and (5) Reply in Supp. of the Motion (the "Reply") [ECF No. 32].

under California state law.[3]  After being served with the summons and complaint on April 28,[4] FSB removed the case to this Court on May 25.[5]

### B.   Legal Standard

The Class Action Fairness Act ("CAFA") vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members.  *See* 28 U.S.C. § 1332(d)(2), (5)(B).[6]  Although "CAFA was intended to strongly favor federal jurisdiction over interstate class actions, *see King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 878 (9th Cir. 2018), the Ninth Circuit has held that CAFA does not alter the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction, *see Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006).

### C.   Discussion

The parties' papers suffer from several infirmities.  As an initial matter, Brickan's Complaint is ambiguous regarding both the amount in controversy and the parties' citizenship.[7]  Then, neither party discusses CAFA, even though the case is a putative class action.[8]  Nonetheless, the Court holds that FSB shows, by the preponderance of the evidence, that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2).

---

[3]    *See generally* Complaint.

[4]    Hereinafter all dates are in 2022.

[5]    *See generally* Removal Notice.

[6]    CAFA does have two notable exceptions to that rule, known as the "local controversy exception" and "the home state exception."  *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020); *see also* 28 U.S.C. § 1332(d)(3)-(4).  However, the burden falls on the party seeking remand to show that an "exception to CAFA jurisdiction applies."  *Adams*, 958 F.3d at 1221.  Since Brickan does not invoke either exception, the Court will not invoke them for her.

[7]    *See* Complaint ¶ 12 (at most implying that the amount in controversy was $25,000 per class member, as Brickan alleged that "the individual and aggregate monetary damages, restitution, and other relief sought herein exceed the jurisdiction limits of the Superior Court"); *see also* Motion 3:8-10 (acknowledging the ambiguity).

[8]    *See generally* Motion; Opposition; Reply.

First, FSB contends that it is a citizen of Illinois because it is a federally chartered savings bank and its home office is in Chicago.[9] "In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x). After FSB filed a declaration under perjury attesting to its Chicago location,[10] Brickan dropped the issue entirely in her Reply.[11] Thus, FSB has sufficiently demonstrated that it is a citizen of Illinois for the purposes of diversity.

Second, Brickan brings this a putative class action on behalf of herself and two classes. One of those classes includes "[a]ll California citizens who worked for Defendant in the state of California."[12] The Court presumes that that class includes more than one California resident; otherwise, numerosity would not be met. *See* Fed. R. Civ. P. 23(a)). Minimal diversity is thereby satisfied since FSB is a citizen of Illinois, and at least one plaintiff would hail from California. *See* 28 U.S.C. § 1332(d)(1)(D) (defining class members as "the persons (named or unnamed) who fall within the definition of the *proposed* or certified class in a class action") (emphasis added).

And even if Brickan modifies her class definitions, FSB provides sufficient evidence to give the Court reasonable confidence that Brickan herself is a citizen of California—or, at the minimum, that she is *not* a citizen of Illinois. For one thing, FSB submits its payroll and employee records, which lists Brickan as an employee working in Orange, California.[13] For another, FSB points out that Brickan's Complaint names Brickan as the class representative for a class consisting of California citizens.[14] Implicitly, that allegation, says FSB, corroborates its belief that Brickan is in fact a California citizen. Brickan quibbles with those

---

[9]   Removal Notice ¶ 9; Opposition 1:16-21.

[10]  *See* Decl. of Ryan Murphy in Supp. of Def.'s Opposition [ECF No. 31-1] ¶ 3.

[11]  *See generally* Reply.

[12]  Complaint ¶ 21.

[13]  *See* Decl. of Katie Zak in Supp. of Def.'s Opposition (the "Zak Declaration") [ECF No. 31-2], Ex. A at 3 (listing Brickan as a "Compliance Disclosure Specialist" based in Orange, California).

[14]  Opposition 5:11-6:13 (citing Complaint ¶¶ 3 & 21).

observations, arguing that evidence of her job location and her request to be named class representative is insufficient evidence to prove her citizenship.[15]  While Brickan may be correct that FSB's evidence comes short of establishing her citizenship beyond a shadow of a doubt, that standard is not the one that the Court applies.  On balance, FSB's evidence shows that it is more likely than not that Brickan is a California citizen for the purposes of diversity.  Furthermore, Brickan should know her own citizenship.  If she truly was a resident of Illinois, she could simply say so.  Her attempt to hide the ball only lends credence to FSB's argument.

Third, FSB shows, by a preponderance of the evidence, that the jurisdictional threshold for the amount in controversy is met.  With respect to Brickan's first seven claims for relief, FSB estimates that the total amount-in-controversy is $5,338,480.[16]  Brickan broadly challenges FSB's assumptions as erroneous, but she offers no counterevidence to corroborate her claim or show why FSB's specific assumptions are unrealistic.[17]  Common to FSB's calculations are three core assumptions:

- ***140 class members***:  FSB assumes there are 140 class members, based upon payroll evidence of its California-based employees that it provided to the Court under penalty of perjury.[18]  Brickan responds that FSB failed to explain why those employees fit under her definitions of a class member for either class, which require that the employees be classified as non-exempt and/or sign a non-compete agreement.[19]  The Court does not afford that omission much weight, though, when Brickan ***herself*** signed a non-compete agreement and was classified as non-exempt.[20]  Indeed, Brickan alleges that signing a non-compete agreement was required by FSB's California

---

[15]    Reply 3:8-25.

[16]    Opposition 12:16-17:15.  The Court was able to replicate that calculation on its own, using the assumptions and figures that FSB provided in its briefing.

[17]    *See* Reply 5:3-8:5.

[18]    *See generally* Zak Declaration.

[19]    *See* Reply 4:16-5:2

[20]    *See* Complaint ¶¶ 15 & 77.

employees, without qualification.[21] Those datapoints give some reasonable indication that the other class members are similarly situated.

- ***Four-year class period***: FSB draws from Brickan's Complaint to assume that the period of violation is a four-year period.[22]

- ***25% attorneys' fee***: FSB assumes that a 25% attorneys' fee is reasonable award.[23] *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that courts must include future attorneys' fees for the amount in controversy requirement when they are recoverable by statute). Brickan does not contest this assumption in her Reply.[24]

Then, FSB then uses conservative estimates and assumptions for each remaining claim. For example, for Brickan's first claim for relief,[25] FSB assumes that each class member worked at least one hour per week without proper compensation and that each class member was owed only a minimum (rather than premium) wage of $11 per hour.[26] Contrary to Brickan's characterization that FSB assumes a "violation rate of 100%,"[27] FSB's assumptions are far from worst case.

Since the Court need not calculate the amount in controversy with mathematical precision, the Court can conclude that FSB has reasonably estimated an amount-in-controversy greater than $5 million. *See Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). Therefore, the Court possesses subject matter jurisdiction.

**C. Conclusion**

For those reasons, the Court hereby **ORDERS** as follows:

---

[21]   *See id.* at ¶ 77.

[22]   *See id.* at ¶ 4.

[23]   Opposition 9:16-10:8 (citing *Ramos v. MOOG Inc.*, 2020 WL 969023, at *4 (C.D. Cal. Feb. 27, 2020) (collecting cases) for the proposition that 25% is standard in wage and hour cases).

[24]   *See generally* Reply.

[25]   In her first claim for relief, Brickan is suing FSB on behalf of herself and a putative class for FSB's alleged failure to pay proper overtime wages. *See* Complaint ¶¶ 28-34.

[26]   *See* Opposition 12:17-13:11.

[27]   Reply 5:5-6.

1. Brickan's Motion is **DENIED**.

2. However, if Brickan can prove to a legal certainty that the amount in controversy is less than $5,000,000 (*e.g.*, by stipulation) or that an exception under 28 U.S.C. § 1332(d) applies, then she may file an appropriate motion with any attendant declarations or evidence.

**IT IS SO ORDERED.**